UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | Chapter 7 |
| A/K/A/ COMPUTREX LOGISTICS | ) | |
|     Debtor. | ) | Case No. 02-34671 |
| _____ | ) | |
| GORDON A. ROWE, JR. | ) | |
| BANKRUPTCY TRUSTEE | ) | |
|     Plaintiff. | ) | A.P. No. 04-3151 |
| vs. | ) | |
| THE WILLIAM POWELL CO. | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the defendant's Motion for Summary Judgment and the plaintiff's Motion for Extension of Time to File Response to the Defendant's Motion for Summary Judgment. Upon consideration of the motions, the supporting documentation, and the record in this case, the Court grants summary judgment and overrules the motion for extension.

**I.     STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Venue is proper under 28 U.S.C. §1409(a) as this proceeding arises in and relates to the debtor's Chapter 7 case pending in this District.

**II.     SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party.

*Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. *Id*. When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.   FACTS

On August 13, 2002, the debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Kentucky. On November 4, 2002, the case converted to a Chapter 7 proceeding and the Court ordered the appointment of a trustee. Gordon A. Rowe, Jr., the plaintiff, was appointed as the Chapter 7 trustee.

On August 9, 2004, the trustee initiated this adversary against The William Powell Co., the defendant, alleging that the defendant was indebted to the bankruptcy estate in the amount of $277,840.60 for services provided by the debtor to the defendant. The defendant answered on October 12, 2004, denying the material allegations and asserting set-off and recoupment as an

affirmative defense.

On March 14, 2005, the defendant filed a motion for additional time to complete discovery. The motion was based in part upon the plaintiff's failure to respond to its discovery requests. The Court granted this motion by order entered on March 28, 2005. The defendant filed a second motion for extension on June 21, 2005, again citing a failure by the plaintiff to respond to its discovery requests. The Court granted this motion by order entered June 23, 2005. On August 19, 2005, the defendant filed a third motion for extension, again citing the plaintiff's failure to cooperate with discovery as a basis for the extension. On August 31, 2005, the Court entered an order granting this third motion for extension.

On October 26, 2005, the defendant filed its motion for summary judgment currently before the Court. This motion was supported by affidavits and exhibits showing that the defendant had recoupment rights in excess of $290,000, significantly more than the amount claimed by the plaintiff in his complaint. Defendant's affidavits and exhibits further showed that at most only $170,951.24 was owed to the debtor and not the $277,840.60 claimed by the plaintiff.

On November 15, 2005, the Court entered an order giving the plaintiff until December 5, 2005 to respond to the defendant's motion for summary judgment. On December 6, 2005, a day after the deadline set by the Court, the plaintiff filed a motion for extension of time to respond to the defendant's motion for summary judgment. Plaintiff cited a turnover of counsel as the primary basis for the motion. The defendant opposed this motion for extension citing the untimely nature of the motion, and the general failure of the plaintiff to cooperate with its discovery requests.

With great reluctance the Court granted the plaintiff's motion for extension. In the order dated December 9, 2005, the Court specifically held as follows:

> The Court agrees with the Defendant in that this case has moved at a staggeringly slow pace mostly due to the Trustee's actions or, more appropriately, inactions. However, considering the circumstances, the Court has determined to grant this one last short extension. The Trustee is put on notice that should he fail to respond by the new December 20, 2005 deadline, summary judgment will be granted in favor of the Defendant. The Trustee is further put on notice that no further continuances will be granted absent truly extraordinary circumstances.

Despite the Court's warnings, the plaintiff failed to respond by the new December 20, 2005 deadline and on December 30, 2005, filed another motion for extension of time to respond to the defendant's motion for summary judgment. Plaintiff again cited turnover of counsel as the basis for the motion. The plaintiff's sought an additional 14 days, or until January 13, 2006, to respond to the motion. As before, the defendant objected to this second motion for extension. The defendant recited the language of the Court's prior order and concluded that the plaintiff's motion should be overruled.

Finally, as of the date of this order, the plaintiff still has not responded to the defendant's motion for summary judgment.

## IV.   LEGAL DISCUSSION

The Court will first address this second motion for extension filed by the plaintiff. The Court notes at the outset that it has been extremely lenient toward the plaintiff in the handling of this case, as well as the numerous other adversaries filed by the plaintiff in connection with this bankruptcy case. Extension after extension has been granted dragging this adversary proceeding out for more than a year. After the defendant filed its motion for summary judgment, the Court gave the plaintiff a definitive date within which to respond. The plaintiff chose to ignore this date and sought an untimely extension. As stated above, the Court granted this extension with great reluctance and

4

cautioned the plaintiff that no further extensions would be granted absent truly extraordinary circumstances. Again, the plaintiff chose to ignore the new deadline to respond and again filed an untimely motion for extension. The grounds cited by the plaintiff in no way constitute extraordinary circumstances and, as such, the Court has determined the motion for extension must be overruled.

The Court now turns to the motion for summary judgment. The Court would be within its authority to grant summary judgment to the defendant based solely upon the order entered setting the deadline for the plaintiff to respond to the motion for summary judgment. The Court warned that summary judgment would be entered in favor of the defendant should the plaintiff fail to respond to the new response deadline. The plaintiff failed to respond within the time allowed and the Court could enter summary judgment in favor of the defendant on this basis alone.

The Court, however, has also considered the merits of the summary judgment motion and based upon its supporting affidavits and exhibits concludes that summary judgment should be entered in favor of the defendant. As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact could return a verdict for a nonmoving party on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence presented by the non-movant is to be believed and all justifiable inferences are to be drawn in favor of the non-moving party. *Id.*

In considering the summary judgment motion, the accompanying affidavits and exhibits, and the absence of a response, the Court finds that the defendant met its burden. The affidavits and

exhibits clearly show recoupment amounts in excess of the amounts claimed by the plaintiff. Furthermore, based upon those same affidavits and exhibits, the amount owed by the defendant to the debtor is significantly lower than the amount claimed by the plaintiff. In the absence of a response and counter affidavits and exhibits from the plaintiff, the Court must conclude that the defendant is entitled to summary judgment. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: )<br>COMPUTREX INTERNATIONAL, INC. )<br>A/K/A/ COMPUTREX LOGISTICS )<br>  Debtor. )<br>_____ )<br>GORDON A. ROWE, JR. )<br>BANKRUPTCY TRUSTEE )<br>  Plaintiff. )<br>vs. )<br>THE WILLIAM POWELL CO. )<br>  Defendant. ) | Chapter 7<br><br>Case No. 02-34671<br><br><br><br><br>A.P. No. 04-3151 |

## JUDGMENT

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the plaintiff's Motion for Extension of Time to File Response to the Defendant's Motion for Summary Judgment is **OVERRULED**.

**IT IS FURTHER ORDERED** defendant's Motion for Summary Judgment is **GRANTED** and the action against the defendant is hereby dismissed with prejudice.